UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ERICK FONTAIN THOMAS,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 10-2303 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility at Faribault, Minnesota. He is serving a 189-month prison sentence that was imposed in the State District Court for Mower County, Minnesota. Petitioner was sentenced after a jury found him guilty of multiple controlled substance offenses. (Petition, [Docket No. 1], p. (2).)

After Petitioner was convicted and sentenced, he filed a direct appeal that raised

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

three grounds for relief, which he has identified as (1) "Spreigl Evidence," (2) "Evidence corroborating accomplice testimony," and (3) "Insufficient Evidence." (Id., p. (3), § 9(d).) The Minnesota Court of Appeals rejected all of Petitioner's arguments, and affirmed his conviction and sentence. State v. Thomas, No. A08-1833 (Minn. App. 2009), 2009 WL 3735496 (unpublished opinion), rev. denied Jan. 19, 2010. Petitioner has not sought post-conviction relief in the state courts. (Petition, p. (3), § 10.)

On June 9, 2010, Petitioner filed his current federal habeas corpus petition, which lists four claims for relief.[2] The first three claims, (Grounds One, Two and Three), appear to coincide with the three claims that Petitioner raised in his direct appeal in the state courts. In the fourth claim, (Ground Four), Petitioner contends that his conviction should be vacated because he was arrested without probable cause. (Petition, p. (6), § 12.D.) Petitioner candidly acknowledges that his "probable cause" claim has not been presented to the Minnesota state appellate courts. (Id., § 13.)

Because Petitioner's "probable cause" claim has not been fairly presented to, and adjudicated by, the Minnesota state courts, he has not satisfied the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court. The Court will therefore recommend that this action be summarily dismissed.

## II. DISCUSSION

---

[2] The Court did not review the current petition immediately after it was filed, because it appeared that Petitioner had not paid the $5.00 filing fee prescribed by 28 U.S.C. § 1914(a), and his application for leave to proceed in forma pauperis, (Docket No. 2), was found to be unsustainable. (See Order dated June 14, 2010; [Docket No. 4].) However, the Clerk's Office has recently informed the Court that the $5.00 filing fee has been paid, so the case will now proceed.

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.]  To provide the State with the necessary 'opportunity,' <u>the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)</u>, thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).

A habeas petitioner must exhaust his state court remedies for <u>all</u> of the claims that he seeks to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

3

Here, it is readily apparent that at least one of Petitioner's current grounds for relief has not been exhausted, because it has not been raised in the Minnesota state appellate courts. As noted above, Petitioner candidly acknowledges that "Ground Four" of his petition, (the "probable cause" claim), has not been previously raised in the state courts. As a result, that claim is "unexhausted" for federal habeas purposes.

Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claim(s) -- namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq. The Court recognizes that Petitioner might be procedurally barred under state law from raising his unexhausted claim(s) in a state post-conviction motion, if the state courts determine that the claim(s) could have been previously raised on direct appeal. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide whether Petitioner's unexhausted federal constitutional claim(s) can still be heard and decided on the merits in state court. See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice

for lack of exhaustion").[3]

Because Petitioner has failed to exhaust his state court remedies for at least one of his current claims, (i.e., the "probable cause" claim), he has filed a "mixed petition." The Court must therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed <u>without prejudice</u>, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claim(s). Petitioner may return to federal court, (if necessary), after the state courts, <u>including the Minnesota Supreme Court</u>, have reviewed and decided <u>all</u> of the claims that he seeks to present in federal court. <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993). <u>See</u> <u>also</u> <u>Nelson</u>, <u>supra</u>.

---

[3] Respondent has filed a motion to dismiss the current petition because of Petitioner's failure to exhaust his state court remedies for each claim listed in his petition. This argument suggests that Respondent must believe there is still a state court remedy available for Petitioner's unexhausted claim(s). If Respondent believed that no state court remedy was still available, then Respondent presumably would have contended that Petitioner's previously unraised claim(s) should be denied on the grounds of procedural default, and his already-exhausted claims would have been addressed on the merits. At the same time, however, Respondent argues that Petitioner's "unexhausted claims" are "procedurally defaulted," which suggests that perhaps there is <u>not</u> a state court remedy still available for Petitioner's unexhausted claim(s). The ambiguity of Respondent's motion to dismiss reinforces the Court's determination that the state courts should decide whether Petitioner's currently unexhausted claim(s) can still be adjudicated on the merits in the state court system.

If the state courts were to reject Petitioner's presently unexhausted claim(s) because of a state procedural rule, such claim(s) would be procedurally defaulted and would not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). <u>See</u> also <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D. Iowa 1999). If Petitioner intends to exercise that option here, he should file an <u>entirely new amended petition</u> that includes <u>only fully exhausted claims</u>, and he should do so before the deadline for filing objections to this Report and Recommendation. If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice. Petitioner should note that if he does file an amended petition that includes only his exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition. See 28 U.S.C. § 2244(b)(2).

Finally, given the Court's sua sponte determination that this action should be summarily dismissed pursuant to Rule 4 of the Governing Rules, it is recommended that Respondent's pending motion to dismiss, (Docket No. 6), be denied as moot. If Petitioner elects to file an amended petition that sets forth only federal constitutional claims that have been fully and fairly presented to the Minnesota state courts, (i.e., fully exhausted claims), the Court will then enter an Order to Show Cause directing Respondent to file an answer to the amended petition.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims; and

2. Respondent's "Motion To Dismiss Petition For Writ Of Habeas Corpus," (Docket No. 6), be **DENIED AS MOOT**.

Dated: July 2, 2010         s/ *Jeanne J. Graham*
                            JEANNE J. GRAHAM
                            United States Magistrate Judge

## NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 20, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.